## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**MARLON DEMOND WILSON**                                        **PLAINTIFF**

**VERSUS**                           **CIVIL ACTION NO.  2:10-cv-217-KS-MTP**

**JASON MILSAP, et al.**                                       **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, an inmate of the Forrest County Regional Jail, Hattiesburg, Mississippi, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On November 3, 2010, this Court entered an order [7] directing the Plaintiff to file a written response, on or before November 24, 2010.  The Plaintiff was warned that his failure to keep this Court informed of his current address or his failure to timely comply with any order of this Court may result in the dismissal of this case.  The envelope [8] containing this order was returned by the postal service on November 24, 2010, with the notation "return to sender- attempted not known - unable to forward."

On December 8, 2010, an order [9] was entered directing the Plaintiff to show cause, on or before December 23, 2010, why this case should not be dismissed for his failure to comply with the Court's November 3, 2010 order.  In addition, Plaintiff was directed to comply with the Court's order by filing a written response, on or before December 23, 2010.  The show cause order warned Plaintiff that failure to keep this Court informed of his current address or his failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice.   The envelope [10] containing the show cause order was returned by the postal service on January 7, 2011, with the notation "return to sender-

not deliverable as addressed - unable to forward."

On January 27, 2011, a final show cause order [11] was entered directing Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders of November 3, 2010, and December 8, 2010.  Plaintiff was directed to comply with the Court's final show cause order, on or before February 10, 2011.  The Plaintiff was also warned in this final show cause order that failure to keep this Court informed of his current address or failure to comply with the requirements of the order by February 10, 2011, would result in the dismissal of his case.  The envelope [12] containing the final show cause order was returned by the postal service on February 22, 2011, with the notation "return to sender-attempted not known - unable to forward."  Needless to say, the Plaintiff did not comply with the final show cause order.

Plaintiff has failed to keep this Court informed of his current address, failed to comply with three court orders and he has not contacted this Court since September 8, 2010.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases

and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, 306 Fed. App'x 144 (5th Cir. 2009).  Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 28th day of February, 2011.

*s/Keith Starrett*  
UNITED STATES DISTRICT JUDGE